**Kenneth P. Dobson, OSB No. 002435**
landlaw.oregon@gmail.com
Attorney at Law
324 S. Abernethy Street
Portland, OR 97239
(503) 684-8198

Attorney for Plaintiff

## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF OREGON
## EUGENE DIVISION

| | |
|---|---|
| **MELISSA KRUZEL**, *on behalf of herself and others similarly situated*,<br><br>*Plaintiff*,<br>v.<br><br>**MOLINA HEALTHCARE, INC.**,<br><br>*Defendant*. | Case No.: _____<br><br>**CLASS ACTION ALLEGATION COMPLAINT (Violations of 47 U.S.C. § 227)**<br><br>**DEMAND FOR JURY TRIAL** |

**Nature of the Action**

1. Melissa Kruzel ("Plaintiff") brings this class action against Molina Healthcare, Inc. ("Defendant") under the Telephone Consumer Protection Act ("TCPA"), 47 U.S.C. § 227.

2. Section 227(b)(1)(A)(iii) of the TCPA sets forth restrictions on the use of automated telephone equipment and prerecorded voice calls, and provides in pertinent part:

> It shall be unlawful for any person within the United States, or any person outside the United States if the recipient is within the United States—
>
> (A)  to make any call (other than a call made for emergency purposes or made with the prior express consent of the called party) using any automatic telephone dialing system or an artificial or prerecorded voice—
>
> *****
>
> (iii) to any telephone number assigned to a paging service, cellular telephone service, specialized mobile radio service, or other radio common carrier service, or any service for which the called party is charged for the call.

1

3.     Upon information and good faith belief, Defendant routinely violates 47 U.S.C. § 227(b)(1)(A)(iii) by placing non-emergency telephone calls to consumers' cellular telephone numbers by using an artificial or prerecorded voice, without the prior express consent of the consumers, in that Defendant repeatedly delivered artificial or prerecorded voice messages to wrong or reassigned cellular telephone numbers that do not belong to the intended recipients of Defendant's calls.

## Jurisdiction

4.     This Court has subject matter jurisdiction under 47 U.S.C. § 227(b)(3) and 28 U.S.C. § 1331.

5.     Venue is proper before this Court pursuant to 28 U.S.C. § 1391(b), where a substantial part of the events giving rise to this action occurred in this District.

6.     Defendant directed artificial or prerecorded voice messages to Plaintiff's cellular telephone in this District, and Plaintiff received those artificial or prerecorded voice messages in this District.

## Parties

7.     Plaintiff is a natural person who at all relevant times resided in Foster, Oregon.

8.     Plaintiff is, and at all relevant times was, a "person" as defined by 47 U.S.C. § 153(39).

9.     Defendant is a company based in Long Beach, California that provides managed health care services.

10.    Defendant places outbound calls, in connection with which it uses an artificial or prerecorded voice.

11.    Defendant is, and at all relevant times was, a "person" as defined by 47 U.S.C. § 153(39).

## Factual Allegations

12. Plaintiff is, and has been since at least 2019, the sole and customary user of cellular telephone number (XXX) XXX-4681.

13. Since at least January 2020, Defendant has been placing calls to telephone number (XXX) XXX-4681, intending to reach someone other than Plaintiff.

14. Defendant's records will show all calls it made to telephone number (XXX) XXX-4681.

15. Defendant placed a call to telephone number (XXX) XXX-4681 on February 6, 2023 at 1:26 pm.

16. Defendant placed a call to telephone number (XXX) XXX-4681 on February 13, 2023 at 11:03 am.

17. Defendant placed a call to telephone number (XXX) XXX-4681 on February 14, 2023 at 2:18 pm.

18. Defendant placed a call to telephone number (XXX) XXX-4681 on April 26, 2023 at 11:56 am.

19. Defendant placed a call to telephone number (XXX) XXX-4681 on April 28, 2023 at 2:36 pm.

20. Defendant placed a call to telephone number (XXX) XXX-4681 on June 27, 2023 at 4:19 pm.

21. Defendant placed a call to telephone number (XXX) XXX-4681 on June 30, 2023 at 3:36 pm.

22. Defendant used an artificial or prerecorded voice in connection with many of the calls it placed to telephone number (XXX) XXX-4681.

COMPLAINT

23. For example, on February 6, 2023, February 13, 2023, February 14, 2023, April 26, 2023, and April 28, 2023, Defendant placed a call to telephone number (XXX) XXX-4681, and delivered the following artificial or prerecorded voice message:

> This is Molina Healthcare. Calling to let you know about the Wellness Rewards by Molina Healthcare Program. A program that rewards you for completing important healthy activities. Please call us back at 1-888-716-0352. TTY 711. Or visit molinacawellnessrewards.novu.com/intake to learn more about the program. Again that's 1-888-716-0352. TTY 711. Or visit us online at molinacawellnessrewards.novu.com/intake. Thank you and have a good day.

24. On June 30, 2023, Defendant placed a call to telephone number (XXX) XXX-4681 and delivered the following artificial or prerecorded voice message:

> This is Molina Healthcare. Calling to let you know about the Wellness Rewards Program. A program that rewards you for completing important healthy activities. Right now, completing a PAP test will earn you a $25 reward. All you need to do is complete your PAP test, tell us about it, and we'll send you your reward. Please call us back at 1-844-746-6915, TTY 711 to learn more. Again that number is 1-844-746-6915, TTY 711. Thank you and have a good day.

25. Defendant placed calls to telephone number (XXX) XXX-4681 from at least the following telephone numbers: (562) 380-0435 and (562) 358-3201.

26. The messages are generic—*i.e.*, Defendant delivered the exact same message to telephone number (XXX) XXX-4681 on numerous occasions—and the messages contain no pauses or breaks in speech as is common in a normal live speech pattern.

27. Given the generic nature of the messages, the content of the messages, and the number of messages delivered, the messages Defendant delivered to telephone number (XXX) XXX-4681 were prerecorded in nature.

28. Since the calls started several years ago, Plaintiff has repeatedly contacted Defendant to request that the calls stop.

29. For example, on January 26, 2023 at 2:47 pm, Plaintiff called 1-800-526-8196, the toll-free number listed on Defendant's website.[1]

30. Plaintiff spoke with one of Defendant's representatives and requested that her telephone number (XXX) XXX-4681 be added to Defendant's Do Not Call list.

31. Despite her request, as well as numerous prior requests made by Plaintiff, the calls continue.

32. On April 28, 2023, Plaintiff sent Defendant a written letter, again asking Defendant to cease calling her.

33. Despite her written request, the calls continue.

34. Defendant placed multiple calls to telephone number (XXX) XXX-4681 after Plaintiff requested that the calls stop.

35. Defendant delivered, or attempted to deliver, multiple artificial or prerecorded voice messages to telephone number (XXX) XXX-4681 after Plaintiff requested that the calls stop.

36. Defendant placed the subject calls to telephone number (XXX) XXX-4681 in an effort to reach a third party.

37. Plaintiff does not have, nor did she have, an account with Defendant.

38. Plaintiff is not, nor was, a customer or accountholder of Defendant.

39. Plaintiff did not provide telephone number (XXX) XXX-4681 to Defendant.

40. Plaintiff did not provide Defendant with consent to place calls, in connection with which it used an artificial or prerecorded voice, to telephone number (XXX) XXX-4681.

41. Defendant placed the subject calls, in connection with which it used an artificial or prerecorded voice, to telephone number (XXX) XXX-4681 for non-emergency purposes.

---

[1] https://www.molinamarketplace.com/marketplace/ca/en-US/about/contact-us (last accessed July 31, 2023).

5

COMPLAINT

42. Defendant placed the subject calls, in connection with which it used an artificial or prerecorded voice, to telephone number (XXX) XXX-4681 voluntarily.

43. Defendant placed the subject calls, in connection with which it used an artificial or prerecorded voice, to telephone number (XXX) XXX-4681 under its own free will.

44. Defendant had knowledge that it was using an artificial or prerecorded voice in connection with the calls it placed to telephone number (XXX) XXX-4681.

45. Plaintiff suffered actual harm as a result of Defendant's subject calls in connection with which it used an artificial or prerecorded voice, in that she suffered an invasion of privacy, an intrusion into her life, and a private nuisance.

46. Plaintiff found the artificial or prerecorded voice messages to be irritating and invasive.

47. For example, Plaintiff spent time tending to the calls, including listening to the prerecorded voice messages Defendant played or delivered.

48. Plaintiff also spent time and effort attempting to have the calls stop.

49. Defendant's prerecorded messages also filled Plaintiff's voicemail, occupied the capacity of Plaintiff's cellular telephone, and depleted her battery.

50. Upon information and good faith belief, Defendant, as a matter of pattern and practice, uses an artificial or prerecorded voice in connection with calls it places to telephone numbers assigned to a cellular telephone service, absent prior express consent.

**Class Action Allegations**

51. Plaintiff brings this action as a class action pursuant to Federal Rule of Civil Procedure 23(a) and (b) on behalf of herself and a class and subclass of similarly situated individuals as defined below:

> **Class**: All persons and entities throughout the United States (1) to whom Molina Healthcare, Inc. placed a call, (2) directed to a number assigned to a cellular telephone service, but not assigned to a person who has or had an account or plan with Molina Healthcare, Inc., (3) with an artificial or prerecorded voice, (4) from four years prior to the date of this class action complaint through the date of class certification.
>
> **Subclass**: All persons throughout the United States (1) to whom Molina Healthcare, Inc. placed, or caused to be placed, a call, (2) directed to a number assigned to a cellular telephone service, but not assigned to a person who has or had an account or plan with Molina Healthcare, Inc., (3) in connection with which Molina Healthcare, Inc. used an artificial or prerecorded voice, (4) after the called party informed Molina Healthcare, Inc. that the telephone number it called was a wrong or reassigned telephone number, or instructed Molina Healthcare, Inc. to stop placing calls to the telephone number, (5) from four years prior to the filing of this Complaint through the date of class certification.

Excluded from the class and subclass are Defendant, its officers and directors, members of their immediate families and their legal representatives, heirs, successors, or assigns, and any entity in which Defendant has or had a controlling interest.

52. The proposed class and subclass are so numerous that, upon information and good faith belief, joinder of all members is impracticable.

53. The exact number of class and subclass members is unknown to Plaintiff at this time and can only be determined through appropriate discovery.

54. Given Defendant's status as a healthcare company that makes outbound calls to approximately 5.1 million individuals as part of its business operations, it stands to reason that the class and subclass will have thousands of members.

55. The proposed class and subclass are ascertainable because they are defined by reference to objective criteria.

56. In addition, the cellular telephone numbers of all members of the class and subclass can be identified in business records maintained by Defendant and third parties, including class members.

57. Plaintiff's claims are typical of the claims of the members of the class because all of the class members' claims originate from the same conduct, practice and procedure on the part of Defendant, and Plaintiff possesses the same interests and has suffered the same injuries as each class member.

58. Like all members of the proposed class, Plaintiff received artificial or prerecorded voice messages from Defendant, without her consent, in violation of 47 U.S.C. § 227.

59. Like all members of the proposed class, Defendant placed calls, in connection with which it used an artificial or prerecorded voice, to Plaintiff's cellular telephone number even though she does not, and never did, have an account or plan with Defendant.

60. Like all members of the proposed subclass, Defendant placed calls, in connection with which it used an artificial or prerecorded voice, to Plaintiff's cellular telephone number, even after she informed Defendant that it was calling the wrong number.

61. Plaintiff will fairly and adequately protect the interests of the members of the class and subclass and has retained counsel experienced and competent in class action litigation.

62. Plaintiff has no interests that are contrary to or in conflict with the members of the class or subclass that she seeks to represent.

63. A class action is superior to all other available methods for the fair and efficient adjudication of this controversy since joinder of all members is impracticable.

64. Furthermore, as the damages suffered by individual members of the class and subclass may be relatively small, the expense and burden of individual litigation make it impracticable for the members of the class and subclass to individually redress the wrongs done to them.

65. There will be little difficulty in the management of this action as a class action.

66. Issues of law and fact common to the members of the class and subclass predominate over any questions that may affect only individual members, in that Defendant has acted on grounds generally applicable to the class and subclass.

67. Among the issues of law and fact common to the class and subclass are:

   a. Defendant's violations of the TCPA as alleged in this class action complaint;

   b. Defendant's use of an artificial or prerecorded voice in connection with its calls;

   c. Defendant's practice of delivering artificial or prerecorded voice messages to wrong or reassigned cellular telephone numbers;

   d. Whether Defendant is liable for artificial and prerecorded voice messages it delivered to persons who did not have an account with it;

   e. Defendant's practice of delivering artificial or prerecorded voice messages to wrong or reassigned cellular telephone numbers after being informed that it is calling the wrong number; and

   f. the availability of statutory damages.

68. Absent a class action, Defendant's violations of the law will be allowed to proceed without a full, fair, judicially supervised remedy.

### Count I: Violations of 47 U.S.C. § 227(b)(1)(A)(iii)
### On behalf of Plaintiff and the class and subclass

69. Plaintiff repeats and re-alleges each and every factual allegation contained in paragraphs 1-68.

70. Defendant violated 47 U.S.C. § 227(b)(1)(A)(iii) by utilizing an artificial or prerecorded voice in connection with calls it placed to Plaintiff's cellular telephone number, for non-emergency purposes and without her consent.

COMPLAINT

71.     As a result of Defendant's violations of 47 U.S.C. § 227(b)(1)(A)(iii), Plaintiff and the members of the class and subclass are entitled to damages in an amount to be proven at trial.

WHEREFORE, Plaintiff prays for relief and judgment, as follows:

(a)     Determining that this action is a proper class action and designating Plaintiff as the class representative under Rule 23 of the Federal Rules of Civil Procedure;

(b)     Adjudging that Defendant violated 47 U.S.C. § 227(b)(1)(A)(iii), and enjoining Defendant from continuing to place calls, in connection with which it uses an artificial or prerecorded voice, to Plaintiff and members of the proposed class and subclass without their prior express consent, and from committing further violations of 47 U.S.C. § 227(b)(1)(A)(iii);

(c)     Awarding Plaintiff and members of the class and subclass statutory damages pursuant to 47 U.S.C. § 227(b)(3) in an amount up to $1,500.00 per violation;

(d)     Awarding Plaintiff and members of the class and subclass their reasonable costs, expenses, and attorneys' fees incurred in this action, including expert fees, pursuant to Rule 23 of the Federal Rules of Civil Procedure; and

(e)     Awarding other and further relief as the Court may deem just and proper.

## Jury Trial Demanded

Pursuant to Federal Rule of Civil Procedure 38(b), Plaintiff demands a trial by jury of any and all triable issues.

Date: August 14, 2023

/s/ Kenneth P. Dobson
Kenneth P. Dobson, OSB No. 002435
landlaw.oregon@gmail.com
Attorney at Law
324 S. Abernethy Street
Portland, OR 97239
(503) 684-8198

Local Counsel for Plaintiff and the proposed class and subclass

Max S. Morgan, Esquire*
THE WEITZ FIRM, LLC

10

COMPLAINT

1515 Market Street, #1100
Philadelphia, PA 19102
Tel: (267) 587-6240
Fax: (215) 689-0875
max.morgan@theweitzfirm.com
eric.weitz@theweitzfirm.com

James L. Davidson*
Michael L. Greenwald*
Greenwald Davidson Radbil PLLC
5550 Glades Road, Suite 500
Boca Raton, Florida 33431
(561) 826-5477
jdavidson@gdrlawfirm.com
mgreenwald@gdrlawfirm.com

Counsel for Plaintiff and the proposed class and subclass

(*motion for admission *pro hac vice* forthcoming)

COMPLAINT