IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

EUGENE DIVISION

**MELISSA KRUZEL, et al.,**

        Plaintiffs,

v.

**MOLINA HEALTHCARE, INC., et al.,**

        Defendants.

_____

Case No. 6:23-cv-01183-AA

**OPINION AND ORDER**

AIKEN, District Judge.

Plaintiff moves for an extension of time, 90 days, to conduct jurisdictional discovery and respond to Defendant Icario, Inc.'s Motion to Dismiss. ECF No. 54 (Motion for Extension of Time); ECF No. 52 (Motion to Dismiss). For the reasons explained below, Plaintiff's Motion for Extension of Time, ECF No. 54, is DENIED.

## BACKGROUND

Plaintiff is an individual living in Oregon claiming that she received unwanted pre-recorded telephone calls in Oregon from Icario in violation of the Telephone Consumer Protection Act ("TCPA"), 47 U.S.C. § 227. Icario moved to dismiss under Federal Rules of Civil Procedure 12(b)(2) and 12(b)(3) for lack of jurisdiction and improper venue. In connection with a marketing campaign targeting California Medicaid members, Icario states that it called a phone number containing a California area code, which is associated with an existing California Medicaid member. Midden Decl. ¶¶ 4–6 (ECF No. 53 at 2). Icario declares that it had no basis

Page 1 – ORDER

to know that number now belonged to Plaintiff, a resident of Oregon.  Midden Decl. ¶ 7 (ECF No. 53 at 2).

Plaintiff asks for 90 days to conduct jurisdictional discovery related to: (1) Icario's contacts with Oregon; (2) Icario's factual assertions made in its motion to dismiss; (3) its knowledge of Plaintiff's location at the time of the calls; and (4) whether Icario knew it was calling the wrong person at the times it placed the allegedly violative calls to her cellular telephone.

## LEGAL STANDARD

"A trial court has broad discretion as to whether to permit limited jurisdictional discovery." *LNS Enters. LLC v. Cont'l Motors Inc.*, 464 F. Supp. 3d 1065, 1077–78 (D. Ariz. 2020) (citing *Data Disc, Inc. v. Sys. Tech. Assocs., Inc.*, 557 F.2d 1280, 1285 n.1 (9th Cir. 1977)), *aff'd*, 22 F.4th 852 (9th Cir. 2022).  A district court's refusal to provide such discovery is only reversed if there is "the clearest showing that denial of discovery results in actual and substantial prejudice to the complaining litigant." *Yamashita v. LG Chem, Ltd.*, 62 F.4th 496, 507 (9th Cir. 2023) (quoting *Boschetto v. Hansing*, 539 F.3d 1011, 1020 (9th Cir. 2008)).

"Jurisdictional discovery 'should ordinarily be granted where pertinent facts bearing on the question of jurisdiction are controverted or where a more satisfactory showing of the facts is necessary.'" *Id.* (quoting *Laub v. U.S. Dep't of Interior*, 342 F.3d 1080, 1093 (9th Cir. 2003)).  "But 'a mere hunch that discovery might yield jurisdictionally relevant facts, or bare allegations in the face of specific denials, are insufficient reasons for a court to grant jurisdictional discovery.'" *Id.*  (quoting *LNS*

*Enters.*, 22 F.4th at 864–65).  *See also A.B. v. Hilton Worldwide Holdings Inc.*, 484 F. Supp. 3d 921 (D. Or. 2020) (Immergut, J.) (denying jurisdictional discovery where the plaintiff did not substantiate their requests or describe with any precision how such discovery would be helpful to the court).

## DISCUSSION

### I.    Jurisdictional Discovery: General Jurisdiction

Personal jurisdiction may be either general or specific.  *Bristol-Myers Squibb Co. v. Sup. Ct. Cal., San Francisco Cty.*, 137 S. Ct. 1773, 1780 (2017). "For an individual, the paradigm forum for the exercise of general jurisdiction is the individual's domicile; for a corporation, it is an equivalent place, one in which the corporation is fairly regarded as at home." *Goodyear Dunlop Tires Operations, S.A. v. Brown*, 564 U.S. 915, 924 (U.S. 2011).  A court may assert general jurisdiction over foreign corporations to hear any and all claims against them when their affiliations with the State are so "continuous and systematic" as to render them essentially at home in the forum State.  *Goodyear,* 564 U.S. at 919.  The "paradigm" bases for general jurisdiction are "the place of incorporation and principal place of business," although operations in another state might also be "so substantial and of such a nature as to render the corporation at home in that State." *Daimler AG v. Bauman*, 571 U.S. 117, 137, 139 n.19 (2014).

Here, Plaintiff seeks discovery related to Icario's contacts with Oregon.  Plf. Mot. at 2.  In her motion, Plaintiff states that Icario's principal place of business is in Minnesota, but that Icario's official website states that Icario "works with health

plans in all 50 states." Plf. Mot at 4. Plaintiff asserts that jurisdictional discovery is necessary to determine whether Icario spoke to Plaintiff and what those communications were.

Icario responds that it has no physical locations in Oregon, and one employee—a software developer—working remotely. Def. Resp. at 5. Icario states that it has one client in Oregon which provided 1.3% of Icario's total revenue in 2023. Also, Icario maintains that Plaintiff does not explain how Icario making calls in Oregon would be such a "continuous and systematic presence" as to make Icario at home in the state, especially when she alleges that Icario works with health plans in all states." *Id.* at 6.

As to what Icario's communications with Plaintiff have been, Plaintiff would have direct knowledge of that. Further, the Court does not discern from Plaintiff's motion any threshold facts concerning transactions or conduct sought by Plaintiff that would be helpful to determining whether Icario has the "continual and systematic presence" requisite for general jurisdiction. The record contains information on Icario's principal place of business, its place of incorporation, and the sum of its Oregon contacts. The Court agrees that Plaintiff has not articulated a basis for granting an extension of time to conduct jurisdictional discovery as to general jurisdiction.

## II.    Jurisdictional Discovery: Specific Jurisdiction

If a party is not subject to general jurisdiction, due process requires that a defendant have "certain minimum contacts with it such that the maintenance of the

suit does not offend traditional notions of fair play and substantial justice." *Int'l Shoe Co. v. Washington*, 326 U.S. 310, 316 (1945) (internal quotations omitted). The Ninth Circuit uses a three-part test to analyze whether a party's "minimum contacts" comport with the doctrine articulated in International Shoe:

> (1) The non-resident defendant must purposefully direct his activities or consummate some transaction with the forum or resident thereof; or perform some act by which he purposefully avails himself of the privilege of conducting activities in the forum, thereby invoking the benefits and protections of its laws;

> (2) the claim must be one which arises out of or relates to the defendant's forum-related activities; and

> (3) the exercise of jurisdiction must comport with fair play and substantial justice, i.e. it must be reasonable.

*Schwarzenegger*, 374 F.3d at 802. Under the first factor of the specific jurisdiction test, purposeful availment and purposeful direction are distinct concepts. *Id.* Purposeful availment is most often used in cases related to contract disputes and purposeful direction is used in cases that sound in tort. *Id.*

Purposeful direction is analyzed under the three-part test derived from *Calder v. Jones*, 465 U.S. 783 (1984): "that the defendant allegedly ha[s] (1) committed an intentional act, (2) expressly aimed at the forum state, (3) causing harm that the defendant knows is likely to be suffered in the forum state." *Dole Food Co. v. Watts*, 303 F.3d 1104, 1111 (9th Cir. 2002). The *Calder* test is appropriate here because TCPA actions are "essentially ... tort claim[s]." *Schlesinger v. Collins*, No. 19-cv-03483-EMC, 2019 WL 4674396, at *2 (N.D. Cal. Sept. 25, 2019); *Nichols v. 360 Ins. Grp. LLC*, No. 22-cv-03899-RS, 2023 WL 163201, at *3 (N.D. Cal. Jan. 11, 2023)

(applying purposeful direction test "[b]ecause TCPA claims sound in tort"). Accordingly, "the court's personal jurisdiction inquiry is appropriately limited to an examination of whether [the defendant] may be said to have purposefully directed [its] activities at [the forum state]," *see Born v. Celtic Mktg. LLC*, No. 8:19-cv-01950-JLS-ADS, 2020 WL 3883273, at *3 (C.D. Cal. May 20, 2020).

Plaintiff states in her motion that jurisdictional discovery is necessary to discover what, if any, communications Icario had with the Molina Healthcare Defendants; whether Icario knew it was calling the wrong person; and whether Icario knew her location at the time it made each of the calls. Plf. Mot. at 5. In her motion, Plaintiff states that Icario "placed calls to her cellular telephone *intending* to reach someone other than [Plaintiff]." *Id.* at 1 (emphasis added).

Icario agrees that it made calls to Plaintiff's California phone number—which was associated with a person other than Plaintiff—in connection with a marketing campaign to California residents, for a California based client. There is no dispute about those facts. In its motion to dismiss, Icario declares that it had no knowledge of Plaintiff's presence in the forum, or that it was calling the wrong number. Even on this lesser showing than a prima facie case, Plaintiff does not explain how jurisdictional discovery would lead to jurisdictionally relevant facts that would assist the Court.

## CONCLUSION

For the reasons explained, the Court DENIES Plaintiff's Motion for extension of time to respond and conduct jurisdictional discovery, ECF No. 54.  Plaintiff is ORDERED to file a response in 21 days from the Date of this Order.

It is so ORDERED and DATED this  8th  day of July 2024.


 /s/Ann Aiken
ANN AIKEN
United States District Judge